IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MICHAEL SEAN BRECHT,**

    **Petitioner,**

v.                                                      **Case No. 1:19-cv-00054**

**BARBARA RICKARD, WARDEN**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Respondent's request for dismissal. (ECF Nos. 1, 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**; that Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

**I.**    **Factual and Procedural Background**

On January 12, 2011, a federal grand jury, sitting in the Northern District of Iowa, submitted a Third Superseding Indictment charging Petitioner, Michael Sean Brecht

("Petitioner"), as a participant in a 12-member conspiracy. *See United States v. Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7 (N.D. Iowa 2011) at ECF No. 135 at 2. The indictment alleged in Count One that the object of the conspiracy was to knowingly and intentionally distribute Schedule II controlled substances, including 500 grams or more of a substance containing a detectable amount of methamphetamine, and 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(A). *Id.* The indictment further charged Petitioner in Count Six with knowingly and intentionally possessing with intent to distribute a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and § 841(b)(1)(C). *Id.* at 4. The indictment stated that at the time he committed both offenses, Petitioner had been convicted of a felony drug offense. Specifically, a 2010 conviction for a felony failure to affix a drug tax stamp imposed in the Iowa District Court in and for Linn County. *Id.* at 2, 4.

On January 14, 2011, Petitioner entered into a plea agreement with the United States. *Id.* at ECF No. 234 at 13. In the agreement, Petitioner consented to plead guilty to Count One of the indictment and, in exchange, the United States agreed to drop any remaining charges contained in the indictment and to file no additional drug charges based on the information contained in the indictment. *Id.* at 1-2. Petitioner acknowledged that his guilty plea exposed him to a mandatory minimum sentence of 20 years imprisonment and a maximum punishment of life in prison. *Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7 at ECF No. 234 at 1. Petitioner stipulated that he had been convicted of three prior offenses: On August 16, 2002, he was convicted of attempting to elude law enforcement in the Iowa District Court in and for Jones County; on January 24, 2003 he was convicted of possessing anhydrous ammonia with the intent to manufacture

methamphetamine in the Iowa District Court in and for Linn County; and on May 19, 2010 he was convicted of a drug tax stamp violation in the Iowa District Court in and for Linn County. *Id.* at 3. The plea agreement contained an appeal waiver in which Petitioner agreed to "knowingly and voluntarily" waive his right to file a direct appeal and "the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce [Petitioner's] sentence." *Id.* at 10. The plea agreement provided that the waiver did not apply to claims of ineffective assistance of counsel, claims that the sentence imposed exceeded the statutorily permissible amount or was not in accordance with the plea agreement, and claims that the sentence was constitutionally defective. *Id.* at 10-11.

On February 9, 2011, Petitioner entered a Notice of Intent to Plead Guilty. *Id.* at ECF No. 177. The United States filed a contemporaneous Information pursuant to 21 U.S.C. § 851, providing notice of the United States' intention to seek an enhanced penalty due to Petitioner's prior conviction for a felony drug offense. *Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7 at ECF No. 180. The United States asserted that Petitioner had two prior convictions for a felony drug offense and that it would be relying specifically on a 2010 conviction for felony failure to affix a drug tax stamp in order to provide the predicate offense for an enhancement. *Id.* at 2. The United States attached a certified copy of the conviction as an exhibit. *Id.* at ECF No. 180-1. The conviction revealed that on May 18, 2010, Petitioner was convicted of "the class D felony offense of Drug Tax Stamp Violation in violation of Iowa Code Section 453B.12" and sentenced to an indeterminate prison term not to exceed five years. *Id.* at 1.

On February 11, 2011, Petitioner pled guilty in open court before a United States Magistrate Judge to Count One of the indictment. *Id.* at ECF No. 183. The Magistrate

3

Judge issued a Report and Recommendation finding that Petitioner entered into the plea agreement knowingly and voluntarily, and there existed a sufficient factual basis for the plea. *Id.* at ECF No. 184 at 4. The Magistrate Judge recommended that the District Court for the Northern District of Iowa ("Sentencing Court") accept Petitioner's plea of guilty. *Id.* at 5. The Sentencing Court did so on February 14, 2011. *Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7 at ECF No. 189.

Petitioner's sentencing hearing was held on June 1, 2011. *Id.* at ECF Nos. 351, 508. At the hearing, the Sentencing Court noted that the United States Sentencing Guidelines ("Guidelines") sentencing range for the offense of conviction was 37 to 46 months. However, as there was an applicable 240 months mandatory minimum sentence due to the enhancement under § 851, the Guidelines range was not relevant to the sentence. *Id.* at ECF No. 508 at 6. The Sentencing Court sentenced Petitioner to the mandatory minimum of 240 months. *Id.* at 8-9. At the request of the United States, the Sentencing Court dismissed Count Six of the indictment. *Id.* at 11. The Sentencing Court informed Petitioner, "if you have not waived your rights to appeal in this case as part of your plea agreement, then you would have a right to appeal," and instructed him how to do so. *Id.* The United States noted that Petitioner's plea agreement did contain an appellate waiver. *Id.* at 11-12. Petitioner's judgment was entered on June 1, 2011. *Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7at ECF Nos. 352. Petitioner did not file an appeal or any motion for habeas relief.

On June 11, 2015, the Sentencing Court considered, under its own motion, whether Petitioner qualified for relief under 18 U.S.C. § 3582(c)(2). *Id.* at ECF No. 564. The Sentencing Court determined that Petitioner was not eligible for a sentence reduction under Amendment 782, as he was sentenced pursuant to a statutorily mandated

4

minimum. *Id.* at 3-4.

On January 18, 2019, Petitioner submitted the instant § 2241 petition. (ECF No. 1). Petitioner argues that the conviction used to enhance his sentence under § 851 "is now considered a 'non-qualifying drug crime,'" and can no longer be used as a predicate offense. (*Id.* at 3). Petitioner contends that he should be able to withdraw his guilty plea as both he and the United States were proceeding under a "mutual mistake" regarding the applicability of his prior conviction. (*Id.* at 8). Petitioner believes this mutual mistake renders his guilty plea invalid. (*Id.* at 6-8). Petitioner argues that his prior conviction does not qualify as a "felony drug offense" based on two cases: *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018), and *Lorenzo v. Sessions*, 902 F.3d 930, 932 (9th Cir. 2018).[1] (*Id.* at 10-11).

On March 19, 2019, Respondent submitted a Response to Order to Show Cause and Motion to Dismiss or, in the Alternative, to Transfer. (ECF No. 7). Respondent argues that Petitioner's motion—which challenges the validity of his conviction rather than the execution of his sentence—should have been filed under § 2255, not § 2241. Respondent contends that as the petition does not meet the narrow exception permitting challenges to the validity of a conviction to be raised in a § 2241 petition, this Court lacks jurisdiction over Petitioner's § 2255 motion and must either transfer it, or dismiss it outright. (*Id.* at 2-5). Respondent asserts that the petition should be dismissed rather than transferred, because Petitioner's claim is clearly meritless. (*Id.* at 6-7).

Petitioner filed a Reply to Respondent's request for dismissal on May 8, 2019 in which he contests Respondent's conclusions. (ECF No. 9). Petitioner states that the

---

[1] The opinion in *Lorenzo* was later withdrawn on January 17, 2019, and a substitute memorandum disposition was filed in its place, maintaining the central holding. *See Lorenzo v. Whitaker,* 913 F.3d 930 (9th Cir. 2019); *Lorenzo v. Whitaker*, 752 F. App'x 482 (9th Cir. 2019).

5

"original merit(s)" of his § 2241 motion rests on a 2008 decision by the Supreme Court of the United States ("Supreme Court"), *Burgess v. United States*, 553 U.S. 124 (2008). (*Id.* at 3). Petitioner explains that subsequent Supreme Court decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016) have strengthened this argument. (*Id.* at 4). Petitioner believes that he can establish the remedy available to him under § 2255 is inadequate or ineffective for two reasons. First, his plea agreement contained an appeal waiver, meaning that Petitioner was "procedurally barred" from raising this argument in a § 2255 motion and, second, because the *Mathis* and *Descamps* opinions were not decided and thus unavailable to Petitioner at the time he could have originally filed a § 2255 petition. (*Id.* at 5). Petitioner asks that he be appointed counsel as the matters presented by his petition are "complex and evolving." (*Id.* at 11).

## II. Discussion

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and sentence, and not the execution of his sentence. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is

6

> authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in

7

*Wheeler,* held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, No. 01-6151, WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed.Appx. 268 (4th Cir. 2014).

### *A. Request for Appointment of Counsel*

Petitioner asks that he be appointed counsel to represent him in this matter. (ECF No. 9 at 11). The law is well-settled that a habeas petitioner has no constitutional right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990). The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes a United States District Court to appoint counsel to represent financially eligible individuals in actions brought pursuant to § 2241 "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). An analogous standard is set forth in 28 U.S.C. § 1915(e)(1), which governs the appointment of counsel for indigent litigants in civil actions. In both circumstances, the matter is left to the sound discretion of the court. As a general rule, habeas petitioners and indigent civil litigants are only provided counsel in "exceptional circumstances." *See, e.g., Rice v. Riley*, No. 4:13–3049–TMC, 2014 WL 5524461, at *1 (D.S.C. Oct. 31, 2014). When determining whether to appoint counsel, the court should consider several factors, including (1) the type and complexity of the case; (2) the ability of the petitioner to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g., Whisenant v. Yuam*, 739 F.2d

8

160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court,* 490 U.S. 296, (1989); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Here, the case is not complex, and Petitioner has adequately presented his claims. Additionally, as explained below, there is no likelihood that Petitioner will succeed on the merits of his petition, and there is no need for an evidentiary hearing. Because Petitioner fails to demonstrate exceptional circumstances that justify the appointment of counsel, the undersigned **FINDS** that his request for appointment of counsel should be denied.

### *B. The Petition as a § 2241 Motion*

**1. Governing law**

Petitioner was convicted in the Northern District of Iowa which sits within the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). As he is incarcerated within the jurisdiction of the Southern District of West Virginia, however, he filed the instant § 2241 petition in this Court. "[T]he substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted." *Chaney v. O'Brien*, No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007), *aff'd,* 241 F. App'x 977 (4th Cir. 2007). "Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Moreover, applying the law of the court of confinement would result in the choice of law being based "on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." *Chaney,* No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (internal quotation omitted). This could result in inequitable outcomes such as co-defendants convicted of the exact same crimes receiving different relief based on the location of their confinement. *Id.* For these reasons, when analyzing a federal

inmate's § 2241 petition, courts in this circuit apply the substantive law of the court of conviction when it differs from the substantive law of the reviewing court's circuit. *See Hahn v. Moseley*, No. 18-6283, 2019 WL 3308550, at *3 (4th Cir. July 24, 2019) ("In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where a defendant was convicted.").

While the law of the court of conviction governs a prisoner's substantive § 2241 claims, Fourth Circuit procedural law continues to control the disposition of the petition. *Id*. Accordingly, the undersigned will consider Petitioner's § 2241 petition under the substantive law of the Eighth Circuit, while applying the procedural law of the Fourth Circuit.

### 2. Waiver

Petitioner argues that § 2255 was an inadequate or ineffective remedy, allowing him to now utilize the savings clause, because his plea agreement included an appeal waiver. (ECF No. 9 at 9-10). Petitioner's plea agreement did include an appeal waiver in which Petitioner consented to waive his right to appeal his sentence or to challenge it via post-conviction remedies. *Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7 at ECF No. 234 at 10.

The Fourth Circuit has recognized that a defendant may waive his right to collaterally attack his conviction. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). As Respondent did not raise the issue of waiver, however, the undersigned will not address whether Petitioner's waiver agreement bars him from bringing this petition. *See United States v. Hairston,* 754 F.3d 258, 260 (4th Cir. 2014) (government may forfeit waiver argument if it fails to raise argument in brief). Petitioner's argument that, rather than barring his claim, his agreement to waive his right to file for post-conviction relief

10

instead allows him to utilize the savings clause is incorrect. Section 2255 is "not rendered inadequate or ineffective" merely because a petitioner is procedurally barred from filing a section 2255 motion. *Vial*, 115 F.3d at 1194 n.5. Accordingly, Petitioner is not entitled to utilize the savings clause merely because he waived his right to bring a § 2255 motion. *See Boykin v. Atkinson*, No. 4:13-CV-00766-RBH, 2013 WL 5657683, at *4 (D.S.C. Oct. 15, 2013) ("[C]ourts in other circuits have ruled that the fact that a petitioner voluntarily waived his or her right to file a § 2255 motion in the sentencing court creates only a procedural bar to using the remedy, but it does not show that the § 2255 remedy is inadequate or ineffective.") (collecting cases); *see also Kennedy v. United States*, No. CIV 14-1908 PAM/JSM, 2014 WL 5286349, at *6 (D. Minn. Oct. 15, 2014) (same). The undersigned therefore **FINDS** that Petitioner's remedy under § 2255 was not inadequate or ineffective due to his appellate waiver.

### 3. Petitioner is not entitled to use the savings clause

*i.) Mathis and Descamps do not apply retroactively*

Petitioner asserts that he is not challenging his underlying conviction, and is instead merely attacking an unconstitutional sentence. (ECF No. 1 at 14). Accordingly, Petitioner argues his § 2241 motion should be considered under the test established in *Wheeler*. (ECF No. 9 at 5-6). While Petitioner does contest the validity of his sentence due to an allegedly improper statutory enhancement, throughout his petition he frames this as an error which invalidates his guilty plea, and consequently his conviction. (ECF No. 1 at 4, 6). Challenges to the validity of a petitioner's conviction are considered under the test announced in *Jones*. Regardless of whether Petitioner's § 2241 motion is considered under the test in *Jones* or *Wheeler,* however, it fails to overcome the procedural requirement contained in both cases, that the petition rely on new and retroactively

11

applicable law. *See Jones*, 226 F.3d at 334; *Wheeler*, 886 F.3d at 429.

Petitioner argues that while the "original merit(s)" of his claim rests on the Supreme Court decision in *Burgess*, following the Supreme Court decisions in *Mathis* and *Descamps*, as well as the circuit court decisions of *Lorenzo* and *Elder*, his argument for relief "became more prevelant [sic]." (ECF No. 9 at 3-4). In order to establish that he is entitled to utilize the savings clause, Petitioner must show that while his sentence or conviction was legal at the time it was established, it is now illegal due to a new rule that has been made retroactive on collateral review. *See Jones*, 226 F.3d at 334; *Wheeler*, 886 F.3d at 429. This Petitioner is unable to do as courts in both the Eighth and Fourth Circuits have overwhelmingly recognized that the decisions in *Mathis* and *Descamps* do not apply retroactively on collateral review, and thus do not allow a petitioner to employ the savings clause or seek collateral relief. *See Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) ("However, *Descamps* and *Mathis* did not announce a substantive change to the law. Rather, these cases reiterated and clarified when to apply the categorical approach or the modified categorical approach...") (unpublished); *see also United States v. Saunders*, No. 7:09CR00021-01, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (holding that "*Mathis* did not announce a new rule of law" and recognizing "'courts applying *Mathis* have consistently reached the same conclusion.'") (quoting *United States v. Taylor,* 672 F. App'x 860, 864 (10th Cir. 2016)); *United States v. Crawford*, No. 8:11CR353, 2018 WL 1136896, at *4 (D. Neb. Mar. 1, 2018) ("To the extent [the petitioner] argues that *Descamps* and *Mathis* furnish him relief, those cases are not given retroactive effect on collateral review."); *Blake v. United States*, No. 17-CV-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017), *aff'd*, No. 17-2448, 2017 WL 6603620 (8th Cir. Oct. 24, 2017) ("*Mathis*, however, does not represent a change in

12

the law; instead, its decision was dictated by decades of prior precedent.") (quotation omitted); *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018) (noting that *Mathis* was "simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony" and that it had not been declared retroactive); *Trice v. United States*, No. 17-CV-1995 (DWF/LIB), 2017 WL 4685070, at *2 (D. Minn. July 18, 2017), *report and recommendation adopted*, No. CV 17-1995 (DWF/LIB), 2017 WL 4685062 (D. Minn. Oct. 16, 2017), *aff'd*, No. 17-3417, 2018 WL 2120611 (8th Cir. Mar. 26, 2018) (petitioner was unable to meet savings clause requirement that he seeks relief based on a new rule of law that applies retroactively as, "[t]he principle of law set forth in *Mathis* ... is not a new rule at all.").

As both *Mathis* and *Descamps* did not set forth a new rule of law which applies retroactively on collateral review, Petitioner's contention that they allow him to proceed under the savings clause is incorrect. Accordingly, the undersigned **FINDS** that Petitioner's claim that *Mathis* and *Descamps* invalidate the use of his prior convictions is not cognizable in a § 2241 petition because it does not meet the tests set forth in *Wheeler* and *Jones*.

*ii.) Lorenzo and Elder do not provide a basis to utilize the savings clause*

Petitioner additionally relies on two circuit court decisions, *Lorenzo* and *Elder,* to establish that he is entitled to relief under § 2241. (ECF No. 1 at 10-11). *Elder* is a decision issued from the United States Court of Appeals for the Seventh Circuit, while *Lorenzo* was decided by the United States Court of Appeals for the Ninth Circuit. *See* 900 F.3d 491; 902 F.3d 930. These cases do not entitle Petitioner to employ the savings clause as they did not change the substantive law of the Eighth Circuit where Petitioner was convicted

and sentenced. *See e.g. Hagins v. Kallis*, No. 5:17CV21, 2018 WL 8576556, at *5 (N.D.W. Va. July 9, 2018), *report and recommendation adopted*, No. 5:17CV21, 2019 WL 1258840 (N.D.W. Va. Mar. 19, 2019), *aff'd*, No. 19-6424, 2019 WL 3249892 (4th Cir. July 19, 2019) (declining to address petitioner's argument that he was entitled to use the savings clause based on decisions from other circuits). As cases issued by other circuit courts did not change the substantive law within the Eighth Circuit, the undersigned **FINDS** that Petitioner may not rely on these cases to establish he is eligible to employ the savings clause.

Thus, contrary to Petitioner's contention, he is not able to utilize the savings clause provision contained in § 2255(e) to challenge his sentence in a § 2241 petition because he has not identified a new rule of substantive law which changed the legality of his sentence or conviction and applies retroactively. *See Jones*, 226 F.3d at 334; *Wheeler*, 886 F.3d at 429. Accordingly, the undersigned **FINDS** that this Court lacks the jurisdiction to consider Petitioner's § 2241 petition.

### *C. The Petition as a § 2255 Motion*

Inasmuch as Petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the Sentencing Court. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Consequently, if Petitioner's petition is construed as a § 2255 motion, it must be transferred to the Northern District of Iowa for

14

resolution. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). District courts in the Eighth Circuit have also recognized that dismissal, rather than transfer, is appropriate if transfer of the petition would be futile. *See Estensen v. United States*, No. 4:17-CV-04071-KES, 2017 WL 9292611, at *4 (D.S.D. Dec. 6, 2017), *report and recommendation adopted*, No. 4:17-CV-04071-KES, 2018 WL 287500 (D.S.D. Jan. 4, 2018); *see also Rivera v. United States*, No. CIV. 05-1854 JRTRLE, 2006 WL 1116372, at *5 (D. Minn. Apr. 25, 2006).

Petitioner has not filed a previous § 2255 motion. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction

becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Here, "tak[ing] a peek at the merits" of Petitioner's claim, it appears that a transfer is not warranted because Petitioner's § 2255 motion would be untimely. *Phillips*, 173 F.3d at 610.

*i.) The petition was filed over one year after judgment became final*

Petitioner's criminal judgment was imposed on June 1, 2011. *Rivera-Mendoza et al,* No. 1:10-cr-00090-LRR-JSS-7 at ECF No. 352. Petitioner did not file a direct appeal. As such, his judgment became final upon the expiration of the time that Petitioner could have filed his notice of appeal, which was, at the latest, in July 2011. Fed. R. App. P. 4(b)(1) (stating that a defendant's notice of appeal must be filed within 14 days of the entry of judgment); Fed. R. App. P. 4(b)(4) (stating that the district court may extend the time to file a notice of appeal up to 30 days from the expiration of the time period). Petitioner had one year from the time that his judgment of conviction became final within which he could file a § 2255 motion. Petitioner did not file the instant action until January 2019. (ECF No. 1). As such, if the petition were construed to be a § 2255 motion, Petitioner would have filed the motion more than *seven years* after the expiration of the one-year limitation period provided in the AEDPA.

*ii.) Petitioner is not eligible to file under any of the alternative provisions*

In addition to the date a conviction becomes final, section § 2255(f) provides several alternative events which trigger a one-year period within which petitioners may file a § 2255 petition. These include the date a government-created impediment ceases to prevent filing; the date a new and retroactive right is recognized by the Supreme Court; and, the date that a petitioner discovers new facts which support his claim. 28 U.S.C. § 2255(f)(2)-(4). Petitioner's § 2255 petition is not timely under any of these provisions. Petitioner does not identify any impediments erected by the government which prevented him from filing.[2] Petitioner also does not assert that he has discovered new facts which gave rise to his claims. Petitioner does discuss several Supreme Court cases which he believes support his claim. Accordingly, the undersigned will consider whether Petitioner's § 2255 motion would be timely under 28 U.S.C § 2255(f)(3).

Section 2255(f)(3) provides that a petitioner may obtain the benefit of a new one-year period of limitations if he shows "(1) that the Supreme Court recognized a new right; (2) that the right 'has been … made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). *Burgess*, the case upon which Petitioner says he principally relies, was decided in 2008, well before Petitioner was convicted and sentenced. *See* 553 U.S. 124. Petitioner's reliance on this Supreme Court case, therefore, does not make his petition timely under § 2255(f)(3). Petitioner's reliance on *Mathis* and

---

[2] Petitioner's agreement to waive his appellate rights, and his belief that this prevented him from filing a § 2255 motion earlier does not constitute an impediment created by the government under § 2255(f)(2). *See Cabble v. United States*, No. 3:09-CR-00084-MR-1, 2015 WL 2227841, at *3-4 (W.D.N.C. May 12, 2015) (finding that the petitioner had "not identified any impediment created by the Government which prevented him from making his motion in a timely fashion" despite an appellate waiver in his plea agreement).

*Descamps* is similarly unavailing under this provision. *Descamps* was issued in 2013 and *Mathis* in 2016. *See* 136 S. Ct. 2243; 570 U.S. 254. Petitioner filed this petition in January 2019, well over one year after either of these decisions had been issued. Moreover, as discussed above, neither *Descamps* nor *Mathis* has been held to apply retroactively on collateral review.

Petitioner's argument based on two decisions made by circuit courts outside of the Eighth Circuit additionally does not trigger the limitations period provided by § 2255(f)(3) as the new right must be recognized by the Supreme Court itself, not a lower court. *See e.g. United States v. Ojeda*, No. 8:01CR196, 2017 WL 1495981, at *3 (D. Neb. Apr. 26, 2017), *appeal dismissed*, No. 17-1955, 2017 WL 5158701 (8th Cir. July 27, 2017). Accordingly, none of the decisions relied on by Petitioner excuse his failure to file this petition, construed as a § 2255 petition, within one-year after his conviction became final.

*iii.) Petitioner is not entitled to equitable tolling*

As Petitioner's § 2255 motion would be untimely if transferred, transfer would be futile unless Petitioner can show he is entitled to equitable tolling. Petitioner asserts he was unable to file a previous § 2255 motion due to an appeal waiver included in his plea agreement. (ECF No. 9 at 9). This is an insufficient basis to excuse Petitioner's failure to timely file a § 2255 petition. Equitable tolling of petitions for collateral review is available only when a defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, (2010) (internal quotation marks omitted).

"The Supreme Court has made clear that alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review." *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Equitable tolling therefore does not apply when "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Whiteside*, 775 F.3d at 186. To establish equitable tolling a litigant must show that he was barred by something external; mere ignorance of the law or mistake is not sufficient. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *see also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (quotation omitted). Accordingly, the fact that Petitioner felt he was barred from bringing a § 2255 motion by his appeal waiver does not excuse his failure to file within the deadline.

Therefore, for all of the above reasons, the undersigned **FINDS** that the interest of justice would not be served in construing the petition as a motion under § 2255 and transferring it to the Sentencing Court. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's Motion to Dismiss, (ECF No. 7), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** August 8, 2019

Cheryl A. Eifert
United States Magistrate Judge