IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MICHAEL SEAN BRECHT,

    Petitioner,

v.                          CIVIL ACTION NO. 1:19-00054

WARDEN, FCI McDowell,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on August 8, 2019, in which she recommended that the court deny petitioner's petition for writ of habeas corpus, grant respondent's motion to dismiss, dismiss this action with prejudice, and remove this case from the court's active docket. (See ECF No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court.  Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989). Objections were due by August 26, 2019. (ECF No. 12.) On August 26, 2019, petitioner, acting *pro se*, filed a motion seeking a thirty-day extension of time to file objections to the PF&R, due to numerous lockdowns hampering petitioner's ability to properly research and present his response to the PF&R. (See ECF No. 13.) The court had not ruled on petitioner's motion for extension of time when, on September 17, 2019, petitioner filed his objections to the PF&R. (ECF No. 14.) The court notes that petitioner filed his objections within the thirty-day extension period he requested in his motion. For good cause shown, and out of fairness to the petitioner, the court **GRANTS** petitioner's motion for the extension of time to file objections to the PF&R, (ECF No. 13), and as such, his objections were timely filed on September 17, 2019.

I. **Factual Background**

On January 12, 2011, a federal grand jury, sitting in the Northern District of Iowa, submitted a Third Superseding Indictment charging Michael Sean Brecht ("petitioner") as a participant in a 12-member conspiracy. See United States v. Rivera-Mendoza et al., No. 1:10-cr-00090-LRR-JSS-7 (N.D. Iowa 2011) (ECF No. 135). The indictment alleged in Count One that the object of the conspiracy was to knowingly and intentionally distribute Schedule II controlled substances, including 500

grams or more of a substance containing a detectable amount of methamphetamine, and 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Id. The indictment further charged petitioner in Count Six with knowingly and intentionally possessing with intent to distribute a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Id. at 4. The indictment stated that at the time he committed both offenses, petitioner had been convicted of a felony drug offense: a 2010 conviction for a felony failure to affix a drug tax stamp imposed in the Iowa District Court in and for Linn County. Id. at 2, 4.

On January 14, 2011, petitioner entered into a plea agreement with the United States. Id. (ECF No. 234). In the agreement, petitioner consented to plead guilty to Count One of the indictment and, in exchange, the United States agreed to drop any remaining charges contained in the indictment and to file no additional drug charges based on the information contained in the indictment. Id. at 1-2. Petitioner acknowledged that his guilty plea exposed him to a mandatory minimum sentence of 20 years imprisonment and a maximum punishment of life in prison. Id. at 1. Petitioner stipulated that he had been convicted of three prior offenses: on August 16, 2002, he was convicted of attempting to elude law

3

enforcement in the Iowa District Court in and for Jones County; on January 24, 2003 he was convicted of possessing anhydrous ammonia with the intent to manufacture methamphetamine in the Iowa District Court in and for Linn County; and on May 19, 2010 he was convicted of a drug tax stamp violation in the Iowa District Court in and for Linn County.  Id. at 3.

On February 11, 2011, petitioner pled guilty in open court before a United States Magistrate Judge to Count One of the indictment.  Id. (ECF No. 183).  The Magistrate Judge issued a Report and Recommendation finding that petitioner entered into the plea agreement knowingly and voluntarily, and there existed a sufficient factual basis for the plea.  Id. (ECF No. 184). The Magistrate Judge recommended that the District Court for the Northern District of Iowa ("Sentencing Court") accept petitioner's plea of guilty.  Id. at 5.  The Sentencing Court did so on February 14, 2011.  Id. (ECF No. 189).

Petitioner's sentencing hearing was held on June 1, 2011. Id. (ECF Nos. 351, 508).  At the hearing, the Sentencing Court noted that the United States Sentencing Guidelines sentencing range for the offense of conviction was 37 to 46 months. However, as there was an applicable 240 months mandatory minimum sentence due to the enhancement under § 851, the Guidelines range was not relevant to the sentence.  Id. (ECF No. 508 at 6). The Sentencing Court sentenced petitioner to the mandatory

4

minimum of 240 months. Id. at 8-9. At the request of the United States, the Sentencing Court dismissed Count Six of the indictment. Id. at 11. The United States noted that petitioner's plea agreement did contain an appellate waiver. Id. at 11-12.

Petitioner's judgment was entered on June 1, 2011. Id. (ECF No. 352). Petitioner did not file an appeal or any motion for habeas relief. On June 11, 2015, the Sentencing Court considered, under its own motion, whether petitioner qualified for relief under 18 U.S.C. § 3582(c)(2). Id. (ECF No. 564). The Sentencing Court determined that petitioner was not eligible for a sentence reduction under Amendment 782, as he was sentenced pursuant to a statutory mandated minimum. Id. at 3-4.

On January 18, 2019, petitioner submitted the instant § 2241 petition. Brecht v. Warden, No. 1:19-cv-00054 (S.D.W. Va.) (ECF No. 1.)

## II. **Petitioner's Objections**

Petitioner objects to the PF&R's factual finding that his 2010 conviction for failure to affix a drug tax stamp was an actual drug crime used as a predicate felony offense for the purposes of enhancement. Instead, petitioner claims his probation officer determined that the 2010 conviction was not an actual drug crime and was not actually used as any type of predicate for his sentence enhancement. Petitioner claims his

5

sentence was enhanced based only for his prior drug offense of "Possession of Anhydrous Ammonia with the Intent to Manufacture Methamphetamine" in violation of Iowa Crim. Code Sec. 124.401(4)(d), Case # FECR-60795. (ECF No. 14 at 2.)

Petitioner then objects that his prior "Iowa controlled substance offense" – the Possession of Anhydrous Ammonia with the Intent to Manufacture Methamphetamine, in violation of Iowa Crim. Code Sec. 124.401(4)(d) – may not serve as a predicate conviction qualifying him for a sentencing enhancement for a "prior felony drug offense." (Id. at 3.) He argues that, applying the categorical approach, his prior state conviction for Possession of Anhydrous Ammonia with the Intent to Manufacture Methamphetamine does not qualify as predicate offense. (Id.) He relies on the decision in Mathis v. United States, 136 S. Ct. 2243 (2016), as his central support for this argument, among other cases. (See id. at 3, 5-6.)

Petitioner further uses Mathis to object to the PF&R's conclusion that he cannot bring his claims under § 2241, as he contends that he may proceed under § 2241 because a motion under § 2255 would be inadequate or ineffective. Petitioner argues that his motion meets the conditions under which a § 2255 motion would be inadequate or ineffective based upon application of the three-part test laid out by the Seventh Circuit in Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013) ("First, the prisoner

6

must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.' Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. 'The third condition is that [the] sentence enhancement . . . [is] a grave enough error to be deemed a miscarriage of justice.'") (citations omitted). As to the first condition, petitioner argues that Mathis is a case of statutory interpretation directing such claims must be brought under § 2241. He next explains that Mathis is a substantive rule, and thus should be retroactively applied. And he argues that his sentence enhancement is a grave enough error to be deemed a miscarriage of justice because application of Mathis to remove the sentencing enhancement in his case would invalidate the application of the mandatory minimum guideline and so would demand resentencing.

Lastly, petitioner claims he is "actually innocent" of the offense used as the basis for the sentencing enhancement, and thus his sentence is faulty for that reason.

Petitioner argues that these reasons create a prima facie case for his § 2241 petition that warrant, at minimum, the appointment of counsel for further actions taken in this case.

III. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of

the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2

(W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## IV. Discussion

### A. *Petitioner's Objections Regarding Sentence Enhancement*

Petitioner objects to the PF&R's factual finding that his 2010 conviction for failure to affix a drug tax stamp was an actual drug crime used as a predicate felony offense for the purposes of enhancement. In consideration of this objection, this court reviewed the record, and specifically reviewed the Information filed by the United State on February 9, 2011, which gave notice of the United States' intention to seek an enhanced penalty due to petitioner's prior conviction for a felony drug offense. See Rivera-Mendoza et al, No. 1:10-cr-00090-LRR-JSS-7 (ECF No. 180). The Information makes it expressly clear that petitioner's enhanced sentence was in fact due to his prior felony conviction for failure to affix a drug tax stamp. See id. Specifically, the Information states that "The United States intends to enhance defendant's sentence based upon one of defendant's two prior convictions for a felony drug offense. In particular the United States relies upon the following conviction: On or about May 19, 2010, defendant MICHAEL SEAN

BRECHT was convicted in State of Iowa v. Michael Sean Brecht, in the Iowa District Court in and for Linn County, Case No. FECR 085606, of felony failure to affix drug tax stamp." Id. The government then attached a certified copy of that felony conviction as Exhibit 1. Id.; id. Ex. 1. Thus, the court **OVERRULES** this objection.

Petitioner's following objection – that his prior Possession of Anhydrous Ammonia with the Intent to Manufacture Methamphetamine may not serve as a predicate conviction qualifying him for a sentencing enhancement – is moot. The record clearly reflects that the government relied upon petitioner's prior offense of felony failure to affix a drug tax stamp to enhance his sentence, not the prior Possession of Anhydrous Ammonia with the Intent to Manufacture Methamphetamine. See supra. Thus, it is irrelevant whether Possession of Anhydrous Ammonia with the Intent to Manufacture Methamphetamine may or may not serve as a qualifying felony drug offense for sentencing enhancement purposes. The court **OVERRULES** this objection as moot.

### B. *Objections to Savings Clause Analysis*

Petitioner also objects to the PF&R's conclusion that he cannot bring his claims under § 2241, as he contends that he may proceed under § 2241 because a motion under § 2255 would be inadequate or ineffective.

### i. Standard for the Savings Clause Exception

The savings clause creates a narrow exception allowing a § 2255 claim to be brought under § 2241 when § 2255 is inadequate and ineffective. For challenges to a sentence, a petitioner must show: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citing In re Jones, 226 F.3d 328, 333–34 & n.3 (4th Cir. 2000)). Wheeler makes clear that challenges to "fundamental sentencing errors" are allowed under § 2241 if the claim meets all four savings clause requirements. Id. at 428. The petitioner bears the burden of establishing that he satisfies all four Wheeler savings clause criteria.

### ii. Analysis of the Savings Clause Criteria

The second Wheeler condition requires that petitioner's sentence now be illegal due to a new rule that has been made retroactive on collateral review. Id. at 429. Petitioner is

unable to meet this requirement, as courts in both the Eighth Circuit and Fourth Circuit have overwhelmingly recognized that the decision in Mathis neither created a new change in the Eighth Circuit's substantive law, nor does it apply retroactively on collateral review. See Martin v. United States, 904 F.3d 594, 597 (8th Cir. 2018) (noting that Mathis was "did not announce 'a new rule of constitutional law, made retroactive to cases on collateral review'" as it was "simply the Supreme Court's latest interpretation of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony") (citations omitted); Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) ("Mathis did not announce a substantive change to the law. Rather, these cases reiterated and clarified when to apply the categorical approach or the modified categorical approach"); see also United States v. Crawford, 2018 WL 1136896, at *4 (D. Neb. Mar. 1, 2018) ("To the extent [the petitioner] argues that Descamps and Mathis furnish him relief, those cases are not given retroactive effect on collateral review"); Trice v. United States, 2017 WL 4685070, at *2 (D. Minn. July 18, 2017), *aff'd*, 2018 WL 2120611 (8th Cir. Mar. 26, 2018) ("The principle of law set forth in Mathis . . . is not a new rule at all"); Blake v. United States, 2017 WL 2655098, at *1 (D. Minn. June 20, 2017), *aff'd*, 2017 WL 6603620 (8th Cir. Oct. 24, 2017) ("Mathis,

however, does not represent a change in the law; instead, its decision was dictated by decades of prior precedent") (quotation omitted); United States v. Saunders, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (holding that "Mathis did not announce a new rule of law" and recognizing "'courts applying Mathis have consistently reached the same conclusion'") (quoting United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016)).

Petitioner relies on cases in the Seventh Circuit, such as Holt v. United States, 843 F.3d 720, 721-22 (7th Cir. 2016), in his argument that Mathis is a substantive change in the law to be applied retroactively. This reliance is misplaced, for when analyzing the first and second Wheeler criteria, courts are to look to the law of the circuit where a defendant was convicted. This is because in interpreting the phrase "this circuit," as used in savings clause standards (1) and (2), the Fourth Circuit has held that this refers to the law of the petitioner's circuit of conviction and sentencing. See Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."). In this case, as petitioner was convicted in the Northern District of Iowa, which sits within the Eighth Circuit, it is Eighth Circuit substantive law that controls the analysis of the first two Wheeler factors. Thus, Seventh Circuit law is irrelevant to this inquiry when

there is dispositive and on-point Eighth Circuit law that states Mathis "did not announce 'a new rule of constitutional law, made retroactive to cases on collateral review.'" Martin v. United States, 904 F.3d 594, 597 (8th Cir. 2018) (quoting 28 U.S.C. § 2255(h)(2)).

Because Mathis does not announce a new substantive change in Eight Circuit law nor has it been held by the Eighth Circuit to apply retroactively, petitioner cannot satisfy the second Wheeler criteria. Petitioner is unable to bear his burden and show that all four criteria of the savings clause are met, and thus his claims are not cognizable in a § 2241 petition. Petitioner's objection that he may proceed under § 2241 is **OVERRULED**.

### C. *Objection of Actual Innocence*

Petitioner also claimed in his motion objecting to the PF&R that he is "actually innocent" of the offense used as the basis for the sentencing enhancement, and thus his sentence is faulty for that reason. This is not an objection to the PF&R, but an entirely new claim that petitioner has not raised before in this matter. Petitioner may elect to file a new habeas petition to make this new claim for actual innocence.[1] However, objections

---

[1] The court takes no position on the merits of such a claim beyond noting the case of Daniels v. United States, 532 U.S. 374, 381-82 (2001).

14

that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Therefore, this objection of actual innocence is **OVERRULED**.

### III. Conclusion

The court has reviewed the record, the Magistrate's findings and recommendations, and petitioner's objections. Each of petitioner's objections have been **OVERRULED**. The court therefore adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;
2. Respondent's request for dismissal is **GRANTED**;
3. This action is **DISMISSED**; and
4. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 30th day of March, 2020.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge